IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DESIREE HOWELL and<br>LONDA MOORE, individually and on<br>Behalf of all other similarly situated, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Judge Ronald A. Guzmán |
| RUSH COPLEY MEDICAL<br>GROUP NFP, | )<br>)<br>) | 11 C 2689 |
| Defendant. | )<br>) | |

**MEMORANDUM OPINION AND ORDER**

Desiree Howell and Londa Moore on behalf of themselves and all others similarly situated have sued Rush Copley Medical Group, NFP ("Rush") for violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1886, as amended, 42 U.S.C. § 1981. Before the Court is Rush's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants in part and denies in part the motion.

**Facts**

On April 9, 2007, Rush hired Londa Moore, an African-American, dark-skinned female as a Medical Assistant. (Am. Compl. ¶ 33.) Her initial salary of $12.75 per hour was eventually raised to $13.67 per hour after she complained about being paid less than similarly situated individuals who were not African-American or had "light colored" skin. (*Id.*) Halley Bjornson, a non-African-American, light-skinned, similarly situated employee was paid $14.18 per hour.

(*Id.*)  On November 17, 2009, Moore filed a charge of discrimination, and subsequently Rush increased her pay to $14.01 per hour.  (*Id.*, Ex. A, Moore's EEOC Charge.)[1]

In May 2007, Rush hired Desiree Howell, an African-American, dark-skinned female as a Practice Coordinator, and she earned $17.00 per hour.  (*Id.* ¶ 32.)  In September 2007, Rush promoted her to the position of Practice Manager and raised her salary to $20.00 per hour.  (*Id.*)  In 2008, Howell discovered that she was not being paid as much as other non-African-American, light-skinned employees.  (*Id.* ¶ 39.)  Elisabeth Kaleta, a non-African-American, light-skinned employee, who performed the same job as Howell, was paid $26.35 per hour.  (*Id.* ¶ 38.)  In 2008 and 2009, Howell complained about this discrimination to Rush managers.  (*Id.* ¶ 41.)  Howell complained to her Senior Manager, Kathie Hnyika, about the disparate pay and requested a raise, but Hynika denied her request.  (*Id.* ¶ 42.)  Other African-American and dark-skinned employees complained of the disparity in pay as well.  (*Id.* ¶ 43.)  Moreover, Howell has alleges that she was yelled at by Rush employees and was forced to work in a hostile work environment because of her race and color.  (*Id.*, Ex. A, Howell's EEOC Charge.)  After filing a complaint of discrimination on April 5, 2010, her salary was raised to $23.00 per hour.  (*Id.*; *id.* ¶ 32.)

Further, in 2007, 2008 and 2009, Rush had a Paid Time Off/Vacation Policy ("PTO") that allowed a person hired on January 15, 2007 to receive one week of vacation after working six months and a second week of vacation after working one year.  (*Id.* ¶ 46.)  As part of this policy, an employee hired on January 15, 2007 could not receive two full weeks of vacation until January 1, 2009, but an employee hired on December 15, 2006 would receive two full weeks of

---

[1]The Court notes that although the plaintiffs attached their EEOC charges as exhibits to the complaint, they did not include them as exhibits to the amended complaint.  Because both parties treat the EEOC charges as if they had been included as exhibits to the amended complaint, so shall the Court for purposes of the instant motion.

vacation on January 1, 2008. (*Id.*) In 2009, two employees, Elizabeth Welsh and Ashley Markley, discovered that another employee, Linda Calhoun, who was hired in 2007, received an additional week of PTO because she had complained about Rush's new PTO policy. (*Id.* ¶ 47.) Welsh, Markley and Calhoun are neither African-American nor dark-skinned. (*Id.*) After learning this information, Welsh and Markley complained to Rush's Executive Director, Marcee Brummel, and Human Resources Agent, Hermila Barazza, that the PTO policy was unfair. (*Id.* ¶ 48.) In response, Welsh and Markley were given an additional week of PTO. (*Id.*) Although Howell and Moore made a similar request, Rush denied them an additional week of PTO, but Rush modified its PTO policy to apply retroactively to employees hired in 2008, which included Welsh and Markley, but not Howell and Moore, who were hired in 2007. (*Id.* ¶¶ 48, 51.)

On November 17, 2009 Moore filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been given less vacation time than similarly situated White employees because of her race, Black, in violation of Title VII. (*Id.*, Ex. A, Moore's EEOC Charge.) On April 5, 2010, Howell filed an EEOC charge that alleges she was paid lower wages than similarly situated non-African-American, light-skinned, employees, was subjected to a hostile work environment by Rush, and had reported the discrimination to no avail. (*Id.*, Ex. A, Howell's EEOC Charge.)

## Discussion

Rule 12(b)(6) requires a court to accept all of the plaintiff's well-pleaded facts as true, as well as reasonable inferences drawn therefrom. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). A plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to defeat a motion to dismiss. Fed. R. Civ. P. 8(a)(2); *see*

*Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Rush contends that: (1) the class claims should be dismissed because plaintiffs have not alleged commonality, numerosity or an identifiable class; (2) Moore and Howell's individual claims should be dismissed to the extent that they rely on events that occurred outside the 300-day charge statute of limitations; (3) Moore's individual claim for wage discrimination and her claims based on color are outside the scope of her EEOC charge; (4) Howell's individual allegations of retaliation should be dismissed because they are outside the scope of her EEOC charge; and (5) Howell's discrimination and harassment causes of action should be dismissed for failure to state a claim. The Court addresses each argument in turn.

**I. Class Claims**

Rush has moved to dismiss the class claims because the complaint does not adequately plead commonality, numerosity or an identifiable class. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). Though a court must determine "as soon as practicable" whether a suit is to be maintained as a class action, that determination is generally made after discovery has been conducted, not on a motion to dismiss. *Talley v. Leo J. Shapiro & Assocs., Inc.*, 713 F. Supp. 254, 257 (N.D. Ill. 1989) (quotation omitted).

Rush argues that this suit is an exception to the general rule because plaintiffs are on a "fishing expedition," relying on *Smith v. Lyons, Doughty & Veldhuius, P.C.* as support. No. CIV. A. 07-5319, 2008 WL 2885887, at *4-5 (D.N.J. July 23, 2008). However, in *Smith*, the

court dismissed the class claims because the plaintiff failed to allege that defendant had a policy or practice of communicating with customers in violation of the Fair Debt Collection Practices Act and thus it appeared from the face of the complaint that the class could not satisfy the predominance requirement of Rule 23(b)(3). *Id.* Not so here. Plaintiffs in this case have alleged that Rush has discriminated against at least fifteen to twenty individuals in a similar manner. (Am. Compl. ¶ 17.)

Rather, this case is more like *Oxman v. WLS-TV*, where the court held that it would be premature to strike the class claims before a certification motion was filed because plaintiff needed discovery to "add meat to his class allegations." 595 F. Supp. 557, 561-62 (N.D. Ill. 1984). Plaintiffs in this case have not yet moved for class certification and have recently finished discovery. Like the *Oxman* court, this Court declines to make any determination as to the propriety of the class until plaintiffs move to certify the class. Therefore, the Court denies Rush's motion to dismiss plaintiffs' class allegations.

**II. Individual Claims**

    **A. Moore's Color and Wage Discrimination Claims**

Rush seeks to dismiss Moore's claims based on wage disparity and color in Counts I and II because they are outside the scope of her EEOC charge. In order to pursue a claim under Title VII, a plaintiff must first file an EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500-01 (7th Cir. 1994). A plaintiff may not then assert claims in a lawsuit that were not part of her EEOC charge. *Id.*

A plaintiff is not, however, required to assert every fact to support each allegation in her charge. *Id.* Rather, a claim is within the scope of a charge if "there is a reasonable relationship

between the allegations in the charge and the claim[] in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* In order to be reasonably related to the charge, claims in an EEOC charge and those in the complaint "must, at minimum, describe the same conduct and implicate the same individuals." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011). The failure to check a box on an EEOC charge in and of itself is not sufficient to make a determination as to whether a claim is like or reasonably related to the charge. *Id.*

First, Rush argues that Moore's allegation of wage disparity is outside the scope of her EEOC charge because her charge fails to mention any discrimination with regard to her overall wages. Her charge states "during my employment, I was given less vacation time than similarly situated White employees. I complained to Respondent about this issue on various occasions to no avail." (*See* Am. Compl., Ex. A, Moore's EEOC Charge.) Moore's charge does not refer to any facts that are reasonably related to discrimination based on overall wage disparity and thus the Court holds that overall wage disparity claim could not reasonably be expected to grow out of an EEOC investigation of her complaints specifically about PTO. Therefore, the Court grants Rush's motion to dismiss Moore's overall wage disparity claim because it is outside the scope of her charge.

Second, Rush argues that Moore's color claims are outside the scope of her charge. In general, an allegation of race does not automatically create the assumption that color is associated. *Thompson v. Fairmont Chi. Hotel*, 525 F. Supp. 2d 984, 989-90 (N.D. Ill. 2007). In *Thompson*, the plaintiff's EEOC charge read: "I believe that I was discriminated against because of my race, Black, and national origin, in violation of Title VII." *Id.* The *Thompson* court held that discrimination based on race was not reasonably related to color, and other courts have held

6

the same. *Id.*; *see, e.g., Sullivan v. Presstronics*, No. 96 C 7436, 1997 WL 327126, at *2 (N.D. Ill. June 11, 1997) (holding that plaintiff's color discrimination claim in the complaint was outside of the scope of his EEOC charge, which only alleged discrimination based on race because a color claim must discuss the differences in the "hue" of the skin).

Moore's charge stated: " I believe that I have been discriminated against because of my race, Black, in violation of Title VII." (Am. Compl., Ex. A, Moore's EEOC Charge.) She made no mention of the hue of her skin color. To the extent that Moore intended to equate race with color in her charge, her color claim is duplicative of her race claim. To the extent that Moore argues that she implicitly intended to raise a color discrimination in her EEOC charge, the Court holds that, based on the particular facts of this case, an EEOC investigation into race discrimination would not implicate the same conduct or individuals as her color discrimination claim. The EEOC investigation into race discrimination charges would not reasonably lead to an investigation into Rush's conduct toward light-skinned individuals within her race. Thus, the Court grants Rush's motion to dismiss Moore's claim based on color.

### B. Howell's Retaliation Claim

Rush argues that Howell's retaliation claim is outside the scope of her EEOC charge. Howell disagrees because her charge alleged that in 2009, after she learned that she was being paid less than similarly situated, non-African-American, light-skinned employees, she "reported the discrimination repeatedly to Respondent" and that Rush "took no action to investigate, stop, mitigate, prevent, address, or otherwise remediate the discrimination and "intended to allow, ratify, and/or engage in the illegal and offensive conduct." (Am. Compl., Ex. A, Howell's EEOC Charge; *see id.*, ¶¶ 41-43.)

The Court notes that Howell did not use the word "retaliation" in her charge. (*See id.*) However, Howell's retaliation claim could reasonably be expected to grow out of an EEOC investigation of the allegations in the charge because there is a reasonable relationship between it and the allegations in the charge, *i.e.*, Howell's complaint followed by the adverse action of disparate payment. In other words, the retaliation involves the same individuals and the same conduct referred to in Howell's EEOC charge. Further, under Rule 8 (e)(2), a plaintiff may plead in the alternative, *Holman v. Ind.*, 211 F.3d 399, 407 (7th Cir. 2000), and thus Howell is allowed to allege in the instant litigation that Rush's conduct was both discriminatory and retaliatory. The Court denies Rush's motion to dismiss Howell's retaliation claim.

### C. 300-Day Statute of Limitations

Rush moves to dismiss Howell and Moore's individual claims based on Title VII's statute of limitations. "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009). "But dismissal is appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." *Id.* at 675.

Rush moves to dismiss plaintiffs' individual claims to the extent that they rely on events that took place outside of the 300-day statute-of-limitations period. Howell argues that the continuing violation doctrine saves her claims based on wage disparity and Howell and Moore argue that the doctrine saves their claims based on denial of PTO that occurred outside of the 300-day window reaching back to when each plaintiff was hired in 2007.

Title VII makes filing a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory event a prerequisite to filing suit. *See* 42 U.S.C. § 2000e-5(e)(1). Acts that occurred more than 300 days prior to the EEOC filing are not actionable unless, under the continuing violation doctrine, they are linked to subsequent acts that occurred within 300 days of the EEOC filing. *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 893 (7th Cir. 2001); *see Huels v. Exxon Coal USA, Inc.*, 121 F.3d 1047, 1049 (7th Cir. 1997). However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Under Title VII, each paycheck that a plaintiff receives is treated as a discrete discriminatory act. *Groesch v. City of Springfield*, 635 F.3d 1020, 1027 (7th Cir. 2011). Thus, "a new cause of action for pay discrimination ar[i]se[s] every time a plaintiff receive[s] a paycheck resulting from an earlier discriminatory compensation practice occurring outside the statute of limitations period." *Id.*; *Reese v. Ice Cream Specialties*, 347 F.3d 1007, 1013-14 (7th Cir. 2003). Each refusal of paid time off is also a discrete discriminatory act. *See, e.g., Sanford v. Walgreen Co.*, No. 08-CV-6325, 2009 WL 3152795, at *6 (N.D. Ill. Sept. 23, 2009).

Thus each paycheck received and each PTO refused is a discrete discriminatory act. Howell is thus barred from bringing claims based on paychecks she received and Howell and Moore are barred from bringing claims based on PTO refused prior to the 300-day statute of limitations period preceding the filing of her EEOC charge, *i.e.*, prior to January 21, 2009 for Moore and June 9, 2009 for Howell.

**D. Howell's Discrimination and Harassment Claims**

Rush moves to dismiss Howell's harassment and race/color discrimination claims because she failed to identify a similarly situated, non-African American, light-skinned individual whom Rush treated more favorably. However, a plaintiff need not plead the prima facie elements of a Title VII claim to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002); *Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005).

Howell has provided a sufficient amount of factual details to support both her discrimination and hostile work environment claims. She alleges that Rush was motivated by her race and color when: (1) she was berated and yelled at by her manger and practice medical director; (2) decisions she made were negated or undermined in front of employees that she managed, which made it hard for her to work, and (3) Rush prevented her from doing her job adequately because it refused to support her or provide sufficient support staff. (Am. Compl. ¶ 93.) Rush's argument that Howell has not identified any similarly situated, non-African American, light-skinned employees who were treated more favorably is an issue more appropriately addressed in a summary judgment motion than a motion to dismiss. Therefore, the Court denies Rush's motion to dismiss Howell's discrimination and hostile work environment claims.

**Conclusion**

For the foregoing reasons, the Court grants in part and denies in part Rush's motion to dismiss [doc. no. 23]. The Court: (1) grants the motion to dismiss Moore's overall wage disparity and color claims; (2) denies the motion to dismiss the class claims; (3) denies the motion to dismiss Howell's retaliation, discrimination and hostile work environment claims; and (4) grants the motion to dismiss Howell's wage discrimination claim based on overall wage disparity and Moore and Howell's claims based on denial of PTO to the extent that those claims are based on events that occurred prior to January 21, 2009 for Moore and June 9, 2009 for Howell.

**SO ORDERED**                                       **ENTERED: March 12, 2012**

                                                            *[signature]*

                                           **HON. RONALD A. GUZMAN**
                                           **United States Judge**